IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JERMAINE L. CARTER, :
:
    Petitioner, :
:
v. : C.A. No. 17-696-LPS
:
DANA METZGER, Warden, and :
ATTORNEY GENERAL OF THE STATE :
OF DELAWARE, et. al., :
:
    Respondents. :

---

## MEMORANDUM

### I. BACKGROUND

In December 2008, Petitioner was indicted on numerous counts of first degree rape, second degree kidnapping, possession of a firearm during the commission of a felony ("PFDCF"), possession by a person prohibited, and first degree robbery. *See Carter v. Pierce*, 196 F. Supp. 3d 447, 450 (D. Del. 2016). On December 18, 2009, petitioner pled guilty to first degree rape, second degree rape, first degree robbery, PFDCF, and two counts of second degree kidnapping. *Id.* On June 4, 2010, after reviewing a psychological report and conducting a colloquy, the Superior Court adjudged petitioner guilty but mentally ill, and sentenced him to life imprisonment, plus an additional thirty-five years. Petitioner did not appeal that decision. *Id.*

Petitioner's first habeas application challenging the instant convictions was filed in 2014, and it raised four claims: (1) ineffective assistance of counsel; (2) insufficient evidence/involuntary guilty plea; (3) incorrect and prejudicial excessive sentence; and (4) actual innocence. *See Carter*, 196 F. Supp. 3d at 450. The Honorable Sue L. Robinson dismissed the application as time-barred in 2016. *Id.* at 455.

In 2017, Petitioner filed the instant habeas Petition ("Petition") challenging the same 2009 convictions, asserting three grounds for relief: (1) unreasonable search and seizure; (2) malicious prosecution; and (3) ineffective assistance of counsel. (D.I. 2 at 5-8)

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas application "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that was, or could have been, raised in a prior habeas application. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

The dismissal of Petitioner's first habeas application as time-barred constitutes an adjudication on the merits for § 2244 purposes. *See Murray v. Greiner*, 394 F.3d 78 (2d Cir. 2005). Petitioner either did, or could have, asserted the instant three grounds for relief in his first application. Therefore, the pending Petition constitutes a second or successive habeas application within the meaning of 28 U.S.C. § 2244.

Petitioner does not allege, and there is no reason to conclude, that the Third Circuit Court of Appeals authorized the filing of the pending Petition. Consequently, the Court concludes that it lacks jurisdiction to consider the instant unauthorized second or successive habeas Petition. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. §

2254; *Robinson*, 313 F.3d at 139. In addition, nothing in the instant filing comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Accordingly, the Court will dismiss the instant unauthorized second or successive habeas Petition for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

IV. CONCLUSION

For the reason set forth above, the Court will summarily dismiss the instant habeas Petition for lack of jurisdiction. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: March 4, 2019

_____
UNITED STATES DISTRICT JUDGE